UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Case No.   2017 JAN 13 AM 10: 18
JANE DOE,

                Plaintiff,   CV 17 - 0179

   - against -

HOFSTRA UNIVERSITY,   **HURLEY, J.**

                Defendant.
------------------------------------------------------------X   **SHIELDS, M.J.**

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION REQUESTING LEAVE FOR PLAINTIFF TO PROCEED PSEUDONYMOUSLY OR, IN THE ALTERNATIVE, FOR AN ORDER SEALING THE COMPLAINT

    Plaintiff, proceeding pseudonymously as Jane Doe, through her attorneys, Phillips & Associates, PLLC, respectfully submits the below Memorandum of Law in support of Plaintiff's Motion requesting leave to file her Complaint and proceed in litigation pseudonymously or, in the alternative, for an order sealing the Complaint.

### A. Legal Framework Governing Motions to Proceed Pseudonymously.

    Fed. R. Civ. Pro. 10(a) requires that the title of a complaint name all parties. However, courts have approved of plaintiffs litigating under a pseudonym in certain circumstances. See *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189 (2d Cir. N.Y. 2008). When determining whether a plaintiff should be permitted to proceed pseudonymously, courts must balance the plaintiff's interest in anonymity against both the public interest in disclosure and any prejudice to the defendant. *Id.* The Court in *Sealed Plaintiff* gives a non-exhaustive list of ten factors to consider when determining whether to allow a plaintiff to proceed pseudonymously, which include:

1

"(1) whether the litigation involves matters that are "highly sensitive and [of a] personal nature,"; (2) "whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties,"; (3) whether identification presents other harms and the likely severity of those harms, including whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity,""; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff."

*Id* at 189-190 (internal citations omitted).

### B. Material Facts Relevant to Plaintiff's Motion.

An analysis of the factual allegations in the case at bar supports Plaintiff's request to proceed pseudonymously. The Plaintiff in this case, a student-athlete at Hofstra University, was sexually harassed by her male tennis coach, Jeffery Menaker, over a period of several months. See generally Plaintiff's Complaint ("Compl."). This harassment caused Plaintiff mental anguish, as well as humiliation and embarrassment. When Plaintiff rejected these sexual advances, her harasser retaliated against her by threatening to revoke her scholarship, sabotaging her request to transfer schools, and threatening to remove her from the tennis team. Compl. ¶¶ 27-35.

When the Plaintiff complained of this conduct to officials at Hofstra, Mr. Menaker subjected Plaintiff to further retaliation. Part of this retaliation came in the form of Mr. Menaker telling other students about Plaintiff's complaint as well as calling the Plaintiff a liar, in addition to making various other derogatory comments about Plaintiff. Compl. ¶¶ 38-41.

As soon as Mr. Menaker began to speak with other students about Plaintiff's complaint, many of these students began to change the way they interacted with Plaintiff. Plaintiff was ostracized and subjected to derogatory remarks by her peers. Compl. ¶¶ 42, 46-48.

The effects of Mr. Menaker's retaliatory conduct towards Plaintiff worsened after the University eventually terminated him. Various members of the men's tennis team, which Mr. Menaker also coached, acted with outright hostility towards Plaintiff, giving her menacing looks and refusing to have even basic interactions with her during coed practices. Compl. ¶ 47. These male tennis students also began to echo Mr. Menaker's derogatory comments to other students both on and off the tennis team. This conduct led Plaintiff to fear for her physical well-being.

### C. The *Sealed Plaintiff* Factors Support Plaintiff's Motion to Proceed Pseudonymously.

With regard to the first *Sealed Plaintiff* factor, the matters at issue in this case include allegations of sexual harassment and retaliation, which are of a highly sensitive and personal nature. Courts have allowed plaintiffs to proceed anonymously in cases concerning a wide range intimate issues such as sexual assault, abortion, status as an AIDS patient, and sexual orientation. See *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y. 2006) (listing cases). Courts have also allowed Title IX plaintiffs to proceed anonymously in cases involving students challenging their college's handling of sexual assault allegations. See *Doe v. Colgate Univ.*, 2016 U.S. Dist. LEXIS 48787 (N.D.N.Y Apr. 12, 2016). Plaintiff's allegations here of sexual harassment and retaliation are in line with the type of intimate issues in which courts have allowed pseudonymous plaintiffs.

Secondly, there is a risk to the Plaintiff of further mental harm and even physical harm if she is forced to proceed under her own name. The students to whom Mr. Menaker told of Plaintiff's complaint subjected Plaintiff to hostile encounters in order to show their displeasure with Plaintiff's actions. This conduct by other students has caused Plaintiff immense emotional

3

suffering. The conduct has severely diminished her ability to enjoy the college experience in the same way as a student who had not been subjected to sexual harassment would be able to. Plaintiff's fears of additional ostracization and retaliation by members of Plaintiff's collegiate community are sufficient to warrant allowing her to proceed pseudonymously. See e.g. *Kolko*, 242 F.R.D. at 197 (fear of ostracization and retaliation from within religious community in response to the filing of a lawsuit warranted allowing plaintiff to proceed anonymously.)

Courts in other Circuits have ruled that the danger of retaliation from a person or people learning that the plaintiff has initiated a judicial proceeding is "often a compelling ground for allowing a party to proceed anonymously. *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. Ill. 2004) (citations omitted); citing to *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Miss. 1981); see also *Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 594 (E.D. Va. 2016).

The third factor in *Sealed Plaintiff*, that identification of the plaintiff would lead to the injury that is being litigated against, weighs strongly in favor of allowing Plaintiff here to proceed pseudonymously. Plaintiff's claims of retaliation stem from Mr. Menaker seeking to maliciously harm Plaintiff's ability to enjoy her collegiate experience by spreading lies and derogatory statements about her to other students. A complaint by Plaintiff to the University which should have been kept confidential has caused her immense harm even in the limited exposure it has so far gotten. Identifying Plaintiff by name in this case opens up the very real possibility that she might suffer additional harm from various other students who may be upset that she made a complaint.

The fourth factor, which concerns the age of the plaintiff, also weighs in favor of allowing Plaintiff a pseudonym. Plaintiff was eighteen years old at the time the harassment began, and is only nineteen years old as of the date of this filing.

The Defendant in this case is also unlikely to suffer the type of prejudice that would disfavor allowing Plaintiff to proceed anonymously. See *Doe v. De Amigos*, LLC, 2012 U.S. Dist. LEXIS 190501, *7 (D.D.C. Apr. 30, 2012) ("Defendant [in civil sexual assault case] challenging plaintiff's motion is not the alleged attacker, but the venue that allegedly served her alcohol. Thus, the stigma that the courts feared would attach to the defendants in those cases is not of particular concern here.") Plaintiff here is suing the institution that allowed the harassment and retaliation to exist, not the individual harasser himself. Therefore, Defendant would not be prejudiced by Plaintiff proceeding pseudonymously. There is only one plaintiff in this case, and the Defendant is aware of her identity. Allowing Plaintiff to proceed under a pseudonym will not inhibit Defendant's ability to litigate this case. See *Doe v. Colgate Univ.*, 2016 U.S. Dist. LEXIS 48787, *10 (N.D.N.Y Apr. 12, 2016); citing *Kolko*, 242 F.R.D. at 198 ("Other than the need to make redactions and take measures not to disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely by Plaintiff's anonymity in court papers.")

There is also a public interest in allowing Plaintiff to proceed anonymously, as requiring Plaintiff to proceed in this case under her actual name may deter others from reporting similar harassment. See e.g. *Kolko*, 242 F.R.D. at 195. Disallowing young college students from vindicating their Title IX rights without fear of the unfortunate publicity that often accompanies filing cases of this nature would chill the anti-discrimination goals of the statute.

With regard to the ninth *Sealed Plaintiff* factor, the claims in this case rest more heavily on legal questions than factual ones, thus weakening the public's interest in knowing the Plaintiff's identity. At this early stage, the Court could infer that Hofstra's decision to terminate Mr. Menaker was done because Hofstra found Plaintiff's allegations against Mr. Menaker to be truthful. The

5

questions therefore presented in this case are legal issues regarding whether Defendant is liable to Plaintiff under Title IX based on Plaintiff's allegations.

### D. Conclusion

For the reasons stated above, Plaintiff respectfully requests that this Court allow her to proceed pseudonymously in this case or, in the alternative, for an Order sealing Plaintiff's Complaint.

Dated: New York, NY
January 12, 2017

Respectfully Submitted,

*/s/ David Schwartz*

David S. Schwartz, Esq. (DS5982)
Phillips & Associates, PLLC
45 Broadway, Suite 620
New York, NY 10006
Tel: (212) 248-7431
Fax: (212) 901-2107
Dschwartz@tpglaws.com