**MENAKER & HERRMANN**
A LIMITED LIABILITY PARTNERSHIP

10 EAST 40TH STREET

NEW YORK, NEW YORK 10016-0301

CHERYL L. DAVIS
EXTENSION: 222
cdavis@mhjur.com

TELEPHONE
(212) 545-1900

FACSIMILE
(212) 545-1656

WEBSITE
www.mhjur.com

October 12, 2017

<u>By Overnight Mail and ECF</u>

Hon. Denis R. Hurley, U.S.D.J.
United States Courthouse
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: <u>Jane Doe v. Hofstra University (2:17-cv-00179)</u>

Dear Judge Hurley:

  I am one of the attorneys for the plaintiff in two matters currently pending in the Eastern District of New York (*A.B. v. C.D., 2:17-cv-05840*[1] and *A.B. v. Hofstra University, 2:2017-cv-05562*[2] (collectively, the "A.B. cases")). These cases arise out of the same set of operative facts and involve the same parties and entities in *Jane Doe v. Hofstra University, 2:17-cv-00179* (the "Jane Doe" case) currently pending in this Court. Both A.B. cases were removed to the Eastern District from state court.

  In short, these cases concern a tennis player at Hofstra University who made accusations of sexual harassment against a tennis coach at Hofstra University; Hofstra fired the coach as a result. The coach, whom we represent, has brought claims for defamation against the player and for gender-based discrimination against Hofstra University (the A.B. cases); the player has brought claims against Hofstra University for Title IX discrimination (the Jane Doe case). Hofstra in its Answer in the Jane Doe case has denied all claims of discrimination.

  We have kept the identities of both the player and the coach confidential in all filings and used pseudonyms as is permitted in New York in appropriate cases (*see* 82

---

[1] Currently pending before Hon. Joanna Seybert, U.S.D.J.
[2] Currently pending before Hon. Sandra J. Feuerstein, U.S.D.J.

Hon. Denis R. Hurley, U.S.D.J.
October 12, 2017
Page 2

N.Y. Jur. 2d Parties § 5 Proceeding Anonymously (2d Ed. 2016)). The player in the Jane Doe case has used a pseudonym for her name, which was permitted by this Court's order of 4/6/17. However, she has disclosed the name of the coach in her filings. We will shortly be moving for consolidation of these three cases.

These cases have now attracted media attention – attached hereto is an email inquiry by the New York Post received by our office today requesting a response by the end of Friday, 10/13/17. We therefore respectfully request that this Court on an emergency basis temporarily seal the complaint and all documents naming the coach[3] in the Jane Doe case as permitted in the Second Circuit (*see e.g. Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008); *Plainville Bd. of Ed. v. R.N.*, 2009 WL 1870866, (D. Conn. June 26, 2009)) to protect the confidentiality of the parties in these cases. We have reached out to counsel for Hofstra University to inquire whether they will oppose our motion for permission to proceed pseudonymously, or in the alternative, to proceed under seal. We have not received a response and will advise the court as soon as we do. We will be filing a motion to seal with our motion to consolidate.

Please do not hesitate to contact us if we can be of assistance.

Respectfully,

Cheryl L. Davis

Enclosure

Cc: Jill L. Rosenberg, Esq., attorney for Hofstra University (by email)
David S. Schwartz, Esq., attorney for Jane Doe (by email)

---

[3] The following documents currently name the coach: the complaint (Docket No. 1) and plaintiff's motion to seal (Docket No. 3)

## Cheryl L. Davis

| | |
|---|---|
| **From:** | Kathianne Boniello <kboniello@nypost.com> |
| **Sent:** | Thursday, October 12, 2017 1:37 PM |
| **To:** | Cheryl L. Davis |
| **Subject:** | Jeffrey Menaker lawsuits |

My name is Kathianne Boniello, I'm a reporter with the NY Post. I'm reaching out in regard to the lawsuit filed by Mr. Menaker in Queens Supreme Court against a Hofstra University tennis player, as well as the allegations the player made against Mr. Menaker in her previously filed federal claim against the school.

I saw Mr. Menaker's claim when it was recently moved to federal court, and am writing about the dispute. I want to make sure I understand Mr. Menaker's position. Is it accurate he's accusing the student of wholesale fabricating her claims? Did he send her the Youtube video referenced in court papers? Would we be able to speak with the student whom he says came forward to warn him he was being set up by the Canadian player and her roommate?

My deadline is tomorrow night, Friday, Oct. 13. I would greatly appreciate any help you could give.


Kathianne Boniello
Reporter
NY Post
1-516-983-5897
kboniello@nypost.com

1