

October 23, 2017

Via ECF and Overnight Mail

Honorable Denis R. Hurley
U.S. District Court, Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000

**orrick.com**

**Jill L. Rosenberg**

E  jrosenberg@orrick.com
D  +1 212 506 5215
F  +1 212 506 5151

Re:   *Jane Doe v. Hofstra University*, E.D.N.Y. Case 2:17-cv-00179-DRH-AYS

Dear Judge Hurley:

We represent Defendant Hofstra University ("Defendant") in the above-referenced matter and write in response to Ms. Davis's pre-motion conference letter dated October 13, 2017, requesting to file a motion to intervene on behalf of Jeffrey Menaker ("Menaker") pursuant to FRCP 24(b) in order that he may move to modify the protective order and obtain pseudonymization of his name. We oppose the request for the reasons set forth below, namely that Menaker lacks standing, his request has been mooted, it is too late to intervene to prevent publicity, pseudonymization would prejudice Defendant, and Menaker cannot overcome the strong presumption in favor of public access. Indeed, Hofstra University's position is that it handled all matters with respect to the student and employee in this matter appropriately and at this point it sees no basis for any party to proceed pseudonymously.

Key to the fruitlessness of Menaker's request is the fact that the national news media has already obtained copies of the unsealed complaint identifying him,[1] and at least two media outlets have published online news articles regarding the lawsuit and naming Menaker.[2] In other words, the story is out there—the Court cannot unring the bell no matter how much Menaker wishes it could.

Because Menaker's name has been made public and broadcast nationally, he lacks standing to intervene. To establish Article III standing, the party seeking relief must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct . . . and (3) that is likely to be redressed by a favorable judicial decision." *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017). Menaker fails the standing test on several counts. *First*, Menaker's alleged injury is not redressable through his requested relief. To pseudonymize his name now would be meaningless and afford him no relief. *Second*, Menaker challenges the ongoing publication of his name in court records, but cannot show that such ongoing

---

[1] *See* email attachment to Ms. Davis's letter. Letter from C. Davis, at 3 (Oct. 12, 2017, ECF No. 12).
[2] Kathianne Boniello, *Hofstra tennis coach fixated on player's menstrual cycle: suit*, New York Post, Oct. 17, 2017, http://nypost.com/2017/10/17/hofstra-tennis-coach-fixated-on-players-menstrual-cycle-suit/; Ben Fractenberg, *Tennis Coach Says Female Player's Sex Harassment Complaint Got Him Fired*, dnainfo.com, Oct. 17, 2017, https://www.dnainfo.com/new-york/20171017/flushing/jeffrey-menaker-tennis-coach-sexual-harassment-hofstra-berkeley-college.

OHSUSA:767551587.2



Honorable Denis R. Hurley
October 23, 2017
Page 2


publication is fairly traceable to any new or further injury. His name and the lawsuit have been available through public access to the courts for months and the story is now published online and nationally available. It is unclear what injury he can trace to any ongoing or future publication of his name in court records when third parties have already published his name on a far more accessible medium—the internet.

Similarly, Menaker's request is moot under Article III and prudential grounds. Indeed, "[t]he hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed. It would have no effect in the real world, and essentially be an advisory opinion." *Unified Sch. Dist. No. 259, Sedgwick Cty., Kan. v. Disability Rights Ctr. of Kansas*, 491 F.3d 1143, 1150 (10th Cir. 2007) (internal citations and quotations omitted).

Even if justiciability were not an obstacle, Menaker should not be permitted to intervene because his motion is untimely. By his own admission, Menaker had notice of the fact that his name was publicly stated in court records for about three weeks before a reporter contacted him and he decided to act. Since the complained of injury has already come to pass, Menaker's request for pseudonymization is in that sense untimely—an "unusual circumstance[] militating . . . against a finding of timeliness." *United States v. State of N.Y*, 820 F.2d 554, 557 (2d Cir. 1987).

Moreover, any true pseudonymization would result in undue prejudice to Defendant. *See* Fed. R. Civ. P. 24(b)(3). More than merely Menaker's name would need to be changed because he is publicly recognized as having been Defendant's tennis coach at the time in question. Further, to mask Menaker as an anonymous employee would prejudice Defendant's reputation and employees, past and present, who would be drawn into suspicion, especially in light of the fact that the lawsuit has already been publicized online.

Finally, even if Menaker could overcome these justiciability and intervention hurdles, he should not be permitted to modify the protective order, which requires a showing of "some extraordinary circumstance or compelling need." *SEC v. TheStreet.com*, 273 F.3d 222, 229 (2d Cir. 2001). However, even if Menaker were seeking a protective order in the first instance, a party seeking to proceed under pseudonym bears a heavy burden, particularly given the public's right of access to court proceedings considered essential to "diminish[ing] the possibilities for injustice, incompetence, perjury, and fraud." *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 660 (3d Cir. 1991) (citation omitted). Pseudonymity will only be permitted if the private interests outweigh the strong countervailing public interest in favor of full disclosure. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). Factors to consider include: "whether the litigation involves matters that are highly sensitive and of a personal nature . . . whether [another party] is prejudiced by allowing the [individual] to press his claims anonymously . . . [and] whether the [individual's] identity has thus far been kept confidential[.]" *Id.* at 90.



Honorable Denis R. Hurley
October 23, 2017
Page 3


Addressing these factors in reverse order, Menaker's identity is publicly known, a factor that weighs heavily against pseudonymization—if not precluding it entirely. *Doe v. National Conference of Bar Examiners*, 1:16-CV-264, 2017 WL 74715 (E.D.N.Y. Jan. 6, 2017) (in such cases it is pointless to proceed anonymously because "figuratively speaking, the cat is already out of the bag" (citation omitted)). Additionally, Defendant would be prejudiced by the request for the reasons stated above. Finally, this case is a far cry from the cases Menaker cites which involve students accused of sexual *assault*. Menaker, an employee, has not been accused of such assault, and embarrassment or concerns regarding financial harm are insufficient to justify anonymous proceedings. *Doe v. Delta Airlines Inc.*, 672 F. App'x 48, 52 (2d Cir. 2016).

In sum, allowing Menaker's motion would result in a pointless waste of this Court's and all parties' time and resources. We ask that the Court deny Menaker's request to file a motion to intervene in this matter.


Respectfully submitted,


　　　*/s/ Jill L. Rosenberg*


cc:     David S. Schwartz (via email)
        Cheryl L. Davis (via email)

OHSUSA:767551587.2